First case called for oral argument is Swift v. Litchfield Hotel Ventures. Counsel, whenever you're ready, you may proceed. Thank you, Your Honor. Good morning. Morning. This is a very, very simple case. If the circuit court order is upheld, the unnatural accumulation rule law is no more. The defense in this case filed a 2-6-19 motion. While they never say in their brief which section their claim applies, it has to be the catch-all section 9 because none of the others apply. So, a claim is barred by some other affirmative matter, in this case that being that they can't be liable for injuries caused by a natural accumulation of ice or snow. But that's not what we've pled here. We've pled three different theories of why it is not a natural accumulation. The first one was the snow was removed, but it was done so negligently. Not all the snow was removed. The hotel staff knew about it and did nothing to correct it. The second one, the snow was piled up in such a way that it drained back after thawing onto the parking lot and refroze, causing this incident. The third one, the parking lot was braided and sloped in such a manner that it allowed this refreezing and cooling which caused the incident. All of these claims, theories, have been considered by Illinois courts and approved, even after trial and not at just motion to dismiss level. Even the Barber case, the 4th District case, which the defense cites a bunch in their brief, says a property owner may be subject to liability if his voluntary undertaking to remove snow is performed negligently. That was a case the trial court relied upon. It is, that's correct. Did anybody argue that the distinction between that and this case because that was a jury trial? We did. And also, I think the Barber case is quite different from our case, but I agree with you. That was after jury trial, not at the motion to dismiss level. I think what happened, Your Honor, is that the circuit court made a logical leap, and let me explain why. We actually pledged that on February 1st of 2011, Litchfield got an inch of snow. That was removed on February 1st, according to their documents. On February 2nd, 2011, Litchfield got 3 inches of sleet and 2 inches of snow on top. You'll remember that storm. It was supposed to be the storm of the century and we ended up just getting the ice. That was shoveled on February 4th, according to their documents. There was an additional snow on February 5th of 2.2 inches. We actually plead this. That snow was not shoveled. Between February 5th and February 11th, when my client fell and had a closed head injury, there was no further accumulation. So, I think the circuit court had a sort of aha moment. Oh, there's an additional snow after it's been shoveled. Case is over. That's a natural accumulation. But that's not what we pledged. We pledged that on February 6th, the temperature was above freezing from 10.25 a.m. until 7.05 p.m. Almost 7 hours. On February 11th, before my client got to the hotel, the temperature was again above freezing from 2.05 to 6.05 p.m. We actually plead that these two thaws allowed the natural accumulation at 2.2 inches. It was gone. It's no longer there. We are not pleading that that natural accumulation thawed and refroze. We are talking about the prior shoveling of the 7 or 8 inches of snow. It was piled up and refroze and cooled and caused this incident. Part two of the logical leap is this. There is no case that says if there's an additional snow after you do the removal negligently, you're off the hook. An example would be just like in this case. If it snows 10 inches and they shovel it negligently and then it snows another 2 inches a couple days later, there's no case that says you're now off the hook because we have the new snow. I can't find any case that says that. Now, the court may say good luck with this on summary judgment, proving your case, but that's not where we are. We're on motion to dismiss. That's really our case, and if there's any questions, I'm happy to answer them. I don't believe so. Thank you, counsel. Counsel? May it please the court? Counsel? Your Honors, my name is Chris Galanos. I represent the defendant in this matter. Very briefly this morning, I want to focus on three things. First, touch briefly on the procedural history of this case, which I think supports the trial court's decision for dismissal with prejudice on the third amendment complaint. Second, related to the procedural history, I want to touch just briefly on the distinction between the 2-615 and the 2-619 issues in raising the briefs. And finally, of course, I want to talk about the allegations of the third amendment complaint and why they do not state a cause of action recognized by Illinois law. In our brief before this court, I think we fairly and accurately outlined the chronology of the pleadings, so I won't go into all of that. But I think it's important to note that this was the plaintiff's fourth attempt at pleading a cause of action, and the trial court found these to be insufficient. Further, and again, I don't think this is necessarily relevant to the ultimate issue, which is whether the third amendment complaint states a cause of action, but it is important, again, to the trial court's thought process in entering the dismissal with prejudice. This case did not just simply sit at the pleading stage. The parties proceeded with initial written discovery, and we provided plaintiff's counsel with blueprints, site maps, everything that he requested, and we made no objections to multiple extensions of time to file a third amendment complaint. And we know that in between the filing of the second amendment complaint and the filing of the third amendment complaint, plaintiff's counsel made representations that he was in contact with an expert who was going to provide some support for the allegations of the third amendment complaint. Then, when the third amendment complaint gets filed, it's, for all intents and purposes, identical to the second amendment complaint. So I think at that point, the trial court looked at it and said, well, the second amendment complaint was deficient. You've done nothing to bolster the factual allegations. And so I think at this time, a dismissal with prejudice was warranted. Now, as to the issue with the 2-619 motion, and of course, we did style it as a 2-619 motion to dismiss the third amendment complaint. And as we explained in our brief, in an argument with the trial court, perhaps that wasn't the most correct way to proceed. I think that it really was a 2-645 motion. We were still talking about the face of the complaint. Plaintiff's counsel was aware of that. That was what was argued at the trial court. The only distinction is that we attached our discovery responses with regard to the issue of the, quote, standards of the Hampton Inn. But we really weren't using that to defeat the complaint. We were just pointing out, again, that in between the second and third complaints, we had made that an issue in our motion to dismiss the second amendment complaint. What are these standards? We don't know what you're talking about. If this is something you're going to rely on in a complaint to circumvent the natural accumulation rule, you have to plead some facts. And there weren't any facts. And our discovery responses just kind of emphasized that. How do you respond to the plaintiff's allegation that the unnatural accumulation was due to the defendant's improper snow removal? Well, Your Honor, in Illinois, the terms natural accumulation and unnatural accumulation are legal terms of art. So to just state that it's an unnatural accumulation is a legal conclusion. And so is, of course, negligence. So if he says it's negligently removed, he has to put facts supporting that conclusion. And there aren't any here. Illinois law is clear. We've cited the cases. Removing snow and ice does not mean that you have to remove all the snow and ice. Removing snow but leaving ice formations underneath is not negligent removal of snow and ice. The case law supports that. So unless he's got something specific that he wants to talk about, that allegation is simply not enough to defeat our motion to dismiss as a trial court found. So then turning to the actual allegations of that Third Amendment complaint, Your Honors, it's hard to bring a claim in Illinois for sloping and falling of snow and ice on a property owners. And it shouldn't because public policy is the Midwest. We get cold winters. We get lots of snow. We get lots of ice. We get alternate freezings and thawings. And it would be extremely burdensome to require property owners to keep their properties clear at all times. And so the courts have formed a natural accumulation rule. And as I stated, these are legal terms of art. So when a plaintiff wants to sort of prevent that and get a viable cause of action on file, he has to comply with Illinois pleading standards. And that requires pleading facts to support his legal conclusions. And I want to be clear that I'm not arguing that these kind of cases require any sort of heightened pleading standards. It's still basic fact pleading. There just aren't any facts in this complaint to support the plaintiff's claim. As Plaintiff's Counsel pointed out, he begins his complaint by describing the chronology of snowfall in February of 2011 and the history of the defendant clearing the lot. And it's clear that prior to the plaintiff's injury, it had snowed and no efforts had been made to clear the lot. Accordingly, that allegation sets forth this is a natural accumulation. Now, obviously the plaintiff tries to get around that by arguing various other legal conclusions. For example, paragraph 10 of the complaint discusses J&S Landscaping, who was the defendant's contractor. They cleaned the snow and ice, but they didn't do so with regard to the standards of the Hampton Inn. Plaintiff claims that there are these standards, and then under a few subparagraphs explains how they were violated. But he never tells us what the standards are. In Illinois, there's no duty to remove snow and ice. So if he's trying to claim that these standards somehow created a duty, then I think it's important for him to lay out the facts to support why these standards would circumvent the natural accumulation rule. And there aren't any. There weren't any in the Second Amendment complaint. We've made that a large issue in our motion to dismiss that Second Amendment complaint. The plaintiff refiled without addressing that issue at all. And even if you were to remove the reference to the standards of the Hampton Inn from the complaint, and just look at the underlying subparagraphs of paragraph 10, it still fails to state a cause of action. As we've already discussed, if you decide to remove snow and ice and voluntarily undertake that duty, you do have a duty to do that in a reasonably careful manner. However, that does not create a duty to remove all ice and snow. And that's what subparagraph A says. They were negligent because they didn't remove all of it. Well, that's not what the case law says. You don't have to remove all of it. As to the allegations of piling of snow, again, there are no factual allegations of where these were placed, what about the placement was negligent, and there's no even allegation that the piling of snow was a cause of the complaint. I agree with you. So why aren't those questions that a jury or a summary judgment should resolve, rather than a 2615 or 2619 or whatever it is? Well, Your Honor, again, Illinois is a fact-leaving state. We don't believe there are sufficient facts that support the legal conclusions. All he has is a complaint full of legal conclusions, and that's simply insufficient under Illinois law. If he was claiming that they did something that made these piles an unnatural accumulation, then that might become a jury issue. But again, this is a fourth attempt, and nothing was done in that regard. Isn't there an allegation that they allowed it to melt and then flow back? Isn't that a question of fact? I don't believe so, Your Honor. And again, I think the case law supports that. Again, Illinois has alternate laws, freezes, refreezes, and courts have held that just because snow melts and refreezes somewhere does not make it an unnatural accumulation. He talks about issues with the design of the parking lot, but again, there's no specific facts as to what about the design of the parking lot was negligent. What was it about the way these snow piles were placed that was negligent? It's just basic. It looks. Case law has exceptions in it. Plaintiff has pled the conclusions from all those cases, but hasn't pled any facts to support that they apply in this case. For example, paragraph 11 discusses ruts and other depressions that form in natural accumulations. Plaintiff says, well, there was vehicle and foot traffic over, so these became unnatural accumulations. And that's simply not an allegation supported by the law. The case law states that vehicle and foot traffic does not create an unnatural accumulation in an otherwise natural accumulation. And the reason for that, of course, is simple. It would completely swallow the rule. All snow is eventually going to be walked over or have vehicle and traffic float over, and that's why natural accumulation rule exists in the first place. And we've already discussed the issue with the shape of the parking lot. No facts to support it. Plaintiff represented the trial court that was going to get expert testimony on that issue. And again, we don't think that's necessary to defeat a 2-6-1-5 mullish. But it's just interesting that there was no additional facts alleged between the second and the third amendment complaint when those representations were made. And I would agree with the court's position earlier that Barber was, of course, after a jury verdict. We cited Barber because I think it's a very good case. It explains the natural accumulation rule, explains the public policy behind it, and it explains, in our view, the kind of facts that a plaintiff has to plead to get past the 2-6-1-5 motion to dismiss stage. And for these reasons, we believe the trial court correctly granted the motion to dismiss with prejudice, and we would request that the court uphold that order. Thank you. Thank you, counsel. Counsel? I'm not here arguing about the dismissal with prejudice. I'm just glad you did it because there's nothing further for us to plead. There's nothing more to plead. With regard to the 2-6-19 versus the 2-6-15 motion, clearly that's a pleading error. But I don't see the point in the court sending us back to rerule under 2-6-15 and be back here in eight months. There's plenty of case law, and these cases cited in our brief, one of them is Johnson v. National Supermarkets. In that case, snow was piled around light poles, and it melted, and it was allowed to run back on the lot, refuel, and cause the problem. I believe that case was after either a summary judgment or after trial. The other one is Portisac v. Fifth Avenue Property Management. In that case, they piled the snow in a corner of the lot, which was higher. The snow melted, it later refroze, and caused the injury. We have properly pled our claim in this case at the motion-to-dismiss level. There's nothing more to plead. Thank you. Any questions? I don't believe so. Thank you, counsel. We appreciate the briefs and arguments of counsel. We will take the case under advisement. Thank you.